UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'     JS-6

| Case No. | 2:24-cv-05307-CAS-JCx | Date | September 30, 2024 |
|---|---|---|---|
| Title | Donald Guilford v. APM Terminals Pacific LLC et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Phyllis Preston | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:
Nancy Abrolat

Attorneys Present for Defendants:
Amy Beverlin
Sylvia Kim

**Proceedings:**    **ZOOM HEARING RE:** MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT (Dkt. 21, filed on August 26, 2024)

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6) FOR LACK OF PERSONAL JURISDICTION (Dkt. 23, filed on August 30, 2024)

MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND/OR 12(f) (Dkt. 24, filed on August 30, 2024)

## I.    INTRODUCTION

On May 1, 2024, plaintiff Donald Guilford filed suit in the Los Angeles Superior Court against entity defendants APM Terminals Pacific LLC, APM Terminals North America, Inc. (jointly "APM Terminals"), and Doe defendants 1 through 100 and individual defendant Janee Ortiz ("Ortiz") (collectively "defendants"). Dkt. 1-1 ("Compl."). Plaintiff seeks damages for past and future economic loss and emotional distress, prejudgment interest, costs, punitive damages, attorney's fees, penalties pursuant to the California Government Code, and injunctive relief. Id.

On June 26, 2024, defendants removed the case to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). Dkt. 1 ("Not. of Removal"). In their notice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'    JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05307-CAS-JCx | Date | September 30, 2024 |
| Title | Donald Guilford v. APM Terminals Pacific LLC et al | | |

of removal, defendants acknowledge that Ortiz is a California citizen, but argue that she was joined for the purpose of destroying diversity and thus her citizenship should be disregarded. Id. ¶ 11. On August 13, 2024, plaintiff filed his first amended complaint with this Court. Dkt. 15 ("FAC").

On August 26, 2024, plaintiff filed the instant motion to remand the case to the Los Angeles Superior Court. Dkt. 21 ("Mot."). On August 30, 2024, defendants filed their opposition. Dkt. 25 ("Opp."). On September 12, 2024, plaintiff filed his reply. Dkt. 29 ("Reply").

On September 30, 2024, the Court held a hearing on the matter. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

In his original complaint, plaintiff alleges that he rejoined APM Terminals as an operations manager in July 2018, and began working at the Port of Los Angeles.[1] Compl. ¶ 10. He alleges that Ortiz assured him that APM Terminals is "an affirmative action employer, provides full opportunity for advancement regardless of race and/or disability/perceived disability and otherwise does not discriminate in violation of the Fair Employment and Housing Act" ("FEHA"). Id. Plaintiff claims that he left his prior employment to accept the job with APM Terminals, and moved to California in reliance on these representations. Id. ¶ 12. Over the course of his employment, plaintiff alleges, these promises were broken, and he was denied promotions, discriminated against, denied disability accommodations, and harassed. Id. ¶ 16-30. Ultimately, plaintiff claims, he was wrongfully terminated. Id. ¶ 31.

---

[1] The Court herein looks to plaintiff's original complaint, his FAC, his motion to remand to Los Angeles Superior Court, defendants' opposition, and plaintiff's reply. Defendants filed a series of evidentiary objections challenging specific portions of the Declaration of Nancy Abrolat filed on August 26, 2024 in support of plaintiff's motion to remand. Dkt. 21-1. To the extent the Court relies on evidence to which there has been an objection, the Court has overruled the objection to that evidence. All other objections are denied as moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'     JS-6

| Case No. | 2:24-cv-05307-CAS-JCx | Date | September 30, 2024 |
|---|---|---|---|
| Title | Donald Guilford v. APM Terminals Pacific LLC et al | | |

On the basis of these facts, plaintiff makes ten claims in his original complaint filed in Los Angeles Superior Court. Id. Plaintiff alleges (1) violation of FEHA, California Government Code § 12940(a), for discrimination based on race, age, disability or perceived disability by entity defendants; (2) violation of FEHA, California Government Code § 12940(j), for harassment based on race, age, disability or perceived disability against all defendants; (3) violation of FEHA, California Government Code § 12940(h), for retaliation against entity defendants; (4) violation of FEHA, California Government Code § 12940(m), for failure to accommodate against entity defendants; (5) violation of FEHA, California Government Code § 12940(n), for failure to engage in interactive process against entity defendants; (6) violation of FEHA, California Government Code § 12940(k), for failure to investigate, prevent, and/or correct FEHA violations against entity defendants; (7) wrongful termination in violation of public policy against entity defendants; (8) violation of California Labor Code § 1102.5 against entity defendants; (9) false promise/intentional misrepresentation against all corporate defendants; (10) grounds for injunctive relief against all entity defendants. Id. ¶ 32-98.

After defendants' notice of removal was filed in federal court, plaintiff amended his complaint, purporting to join an additional defendant, Marty Yarnall ("Yarnall"), in his individual capacity as COO and Senior Director of Operations of APM Terminals Pacific LLC. FAC ¶ 13. Plaintiff alleges that Yarnall assured him that he "would be included in significant professional development opportunities, including a safety initiative and potentially leading a related project after a near-fatal accident on terminal." Id. Plaintiff also alleges that Yarnall made certain promises with regard to continuing educational opportunities. Id. Plaintiff states these facts as additional grounds for his fraud and misrepresentation claims. Id. ¶¶ 13-14. Plaintiff's FAC adds Ortiz and Yarnall as defendants on his ninth claim of "false promises/intentional misrepresentation." Id. ¶ 93.

## III.   LEGAL STANDARD

### A.   Remand

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'    JS-6

| Case No. | 2:24-cv-05307-CAS-JCx | Date | September 30, 2024 |
|---|---|---|---|
| Title | Donald Guilford v. APM Terminals Pacific LLC et al | | |

the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Virginia A. Phillips, J. & Karen L. Stevenson, J., Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial § 2:3741 (The Rutter Group 2020).

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal courts have original jurisdiction over state law actions only where the amount in controversy exceeds $75,000 and the action is between parties of diverse citizenship.

An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 2:670 (2005). If a court finds fraudulent joinder of a "sham" defendant, it may disregard the citizenship of the "sham" defendant for removal purposes. Id. "Fraudulent joinder" is a term of art, and requires no proof of scienter on the part of the plaintiff. Id. ¶ 2:671. Instead, a non-diverse defendant is said to be fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

Courts recognize a "strong presumption" against removal jurisdiction; the burden is on the removing defendant to demonstrate that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Similarly, "courts generally employ a presumption against fraudulent joinder." Diaz v. Allstate Ins. Grp., 185 F.R.D. 581, 586 (C.D. Cal. 1998) (citations omitted); see also Hale v. Bank of Am., N.A., No. CV 12-10064 MMM (PJWx), 2013 WL 989968, at *3 (C.D. Cal. Mar.13, 2013) ("There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."); Davis v. Prentiss Props. Ltd., Inc., 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) (suggesting that for fraudulent joinder to exist, a claim would have to be so weak as to merit sanctions under Federal Rule of Civil Procedure 11).

Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'    JS-6

| Case No. | 2:24-cv-05307-CAS-JCx | Date | September 30, 2024 |
|---|---|---|---|
| Title | Donald Guilford v. APM Terminals Pacific LLC et al | | |

able to establish a cause of action against the in-state defendant in state court." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted). Because courts must resolve all doubts against removal, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). Thus, "[i]f there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants[,] the court must remand." Id.; see also Good v. Prudential, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant").

In determining whether a party has been fraudulently joined, the court may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Schwarzer ¶ 2:681 (citing W. Am. Corp. v. Vaughan Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985)). Whether a defendant simply attacks the pleadings or relies on submitted evidence, fraudulent joinder must be proven by "clear and convincing evidence." Pampilonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1988), cited with approval in Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

**B.    Attorney's Fees**

28 U.S.C. 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). However, a finding of bad faith is not required, and the district court has "wide discretion to award attorneys' fees." Gotro v. R & B Realty Group, 69 F.3d 1485, 1487 (9th Cir.1995).

**IV.    DISCUSSION**

**A.    Remand**

Plaintiff argues first that his motion is timely because it is based on a lack of subject matter jurisdiction, an issue that can be raised at any time, pursuant to 28 U.S.C. 1447(c). Dkt. 21 ("Mot.") at 4-5. Plaintiff argues that the action must be remanded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'      JS-6

| Case No. | 2:24-cv-05307-CAS-JCx | Date | September 30, 2024 |
|---|---|---|---|
| Title | Donald Guilford v. APM Terminals Pacific LLC et al | | |

because diversity jurisdiction does not exist, since APM Terminals is a Delaware citizen and the individual defendants, as well as plaintiff, are California citizens who are not fraudulently joined. Id. at 5.

Plaintiff argues that "[t]he controlling principles for determining if a joinder is sham or fraudulent such that the joinder can be disregarded establish an exceedingly daunting burden for a defendant who attempts to exercise removal jurisdiction on this ground." Id. at 6. Here, plaintiff argues, the harassment and fraud claims are not sham pleadings, rather they are substantively valid, and are timely. Id. at 7.

The harassment claim, plaintiff argues, is governed by FEHA, which "prohibits harassment based on race, disability, and other protected categories, and allows for individual liability of employees who engage in harassing conduct." Id. (citing Cal. Gov't Code § 12940(j)(3); Jones v. Lodge at Torrey Pines P'ship, 42 Cal. 4th 1158, 1162 (2008)). Plaintiff argues that the complaint "provides detailed allegations of harassment by the individual Defendants, including Ortiz and Yarnall," which "was pervasive and directly related to [p]laintiff's race and disabilities, creating a hostile work environment that no reasonable person should have to endure." Plaintiff argues he was "subjected to offensive conduct, including intentional sabotage, derogatory comments, and discriminatory treatment that significantly impacted his ability to perform his job and caused him severe emotional distress." Id.

Plaintiff argues that, pursuant to California law, "a fraud claim requires the plaintiff to prove the following elements: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of its falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage." Id. (citing Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 990 (2004)). Plaintiff argues that the FAC sets forth "specific misrepresentations made by the individual [d]efendants, particularly Janee Ortiz, who falsely represented that APM Terminals was committed to equal employment opportunities and would not engage in discriminatory practices," to induce plaintiff to accept the position with APM Terminals, "which he did, relying on promises of fair treatment." Id. at 8. Plaintiff argues that he suffered harm as a result. Id.

Plaintiff next argues that the harassment and fraud claims are timely under California's discovery rule and FEHA statutes of limitation. Id. The FEHA harassment claim, plaintiff argues, is timely because it was filed within one year of the last act of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'    JS-6

| Case No. | 2:24-cv-05307-CAS-JCx | Date | September 30, 2024 |
|---|---|---|---|
| Title | Donald Guilford v. APM Terminals Pacific LLC et al | | |

harassment, which plaintiff argues was continuous throughout his employment, up to his wrongful termination in 2023. Id. (citing Cal. Gov't Code § 12960(d)). Plaintiff argues he timely filed a Department of Fair Employment and Housing complaint within one year of the last act of harassment and received a right to sue letter, making the harassment claim timely. Id.

    Plaintiff argues that the fraud claim is also timely because California law sets forth a three-year statute of limitations for such claims, "which begins to run from the time the plaintiff discovers, or reasonably should have discovered, the facts constituting the fraud." Id. (citing Cal. Code Civ. Proc. § 338(d); see also Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 806 (2005)). Plaintiff argues that the FAC makes clear that plaintiff only learned of "the fraudulent nature of [d]efendants' representations well after he had accepted the position and moved to California." Id.

    Plaintiff also argues that the assertion that "[p]laintiff's harassment and fraud claims are sham pleadings is undermined by the clear and detailed nature of the allegations." Id. Plaintiff argues that the inclusion of the fraud and harassment claims in his original complaint show that "the claims were not pleaded as an afterthought or jurisdictional tactic." Id.

    In opposition, defendants first argue that plaintiff failed to meet and confer before filing the instant motion. Dkt. 25 ("Opp.") at 3. Therefore, defendants argue, plaintiff's motion is procedurally defective because he failed to comply with Local Rule 7-3 by failing to "thoroughly explain the substance of the grounds for the motion" and refusing defendants a one-week continuance to afford counsel adequate time to review and respond to the motion. Id. at 4-5. Defendants argue that this provides sufficient basis to strike the motion.

    Defendants next argue that the Court does have traditional diversity jurisdiction. Id. at 5. Defendants contend that a non-diverse party can be disregarded if the court determines that "joinder is a sham or fraudulent so that no possible cause of action has been stated against that party," and that such a case arises when failure to state a claim against the party is obvious. Id. (internal citations omitted). According to defendants, Ortiz cannot possibly be held liable for the harassment claim, and thus complete diversity existed at the time of removal. Id. at 6. Defendants argue that the post-removal FAC does not affect jurisdiction because the United States Court of Appeals for the Ninth Circuit ("the Ninth Circuit") has "long held that 'post-removal amendments to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:24-cv-05307-CAS-JCx | Date | September 30, 2024 |
|---|---|---|---|
| Title | Donald Guilford v. APM Terminals Pacific LLC et al | | |

pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court.'" Id. (quoting Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006) (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998))). Defendants contend that plaintiff did not state its single claim for harassment against Ortiz, thus her joinder to this action is fraudulent, and her citizenship can be ignored for the purposes of assessing diversity. Id. at 7.

Defendants argue that to state a cognizable hostile work environment claim, "a plaintiff must allege that (1) he was subjected to verbal or physical conduct because of a protected characteristic, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment," and that plaintiff does not do so here. Id. at 8 (citing Lelaind v. City & Cnty. of S.F., 576 F.Supp.2d 1079, 1101 (N.D. Cal. 2008)). Defendants contend that the alleged conduct is time-barred, does not meet the legal definition of harassment, and is does not rise to a level that is actionable as a matter of law. Id.

Defendants argue that because plaintiff's harassment allegations consist of pre-employment assurances made in 2018, the claim is time-barred because the incidents occurred more than one year before the filing of his administrative report on May 1, 2024, and thus lapsed pursuant to previously applicable law. Id. 8-9 (citing former Cal. Gov't. Code § 12960(d)).

Defendants next contend that the alleged conduct attributed to Ortiz does not constitute actionable harassment because "[t]he [c]omplaint is devoid of any allegation that Sham Defendant Ortiz made any unwelcome, disparaging, or offensive comments to Plaintiff about his race, age, alleged disability, or other protected status." Id. at 9. The only comments attributed to Ortiz, defendants argue, are those that "enticed him to join [APM Terminals]," and thus were not disparaging or offensive. Id. Defendants contend that the comments "were incidental to the hiring process and, therefore constitute 'commonly necessary personnel management actions' that 'do not come within the meaning of harassment.'" Id. at 10 (quoting Martinez v. Schneider Logistics Transloading & Distrib., Inc., 2016 WL 6833911, at *3-4 (C.D. Cal. Nov. 18, 2016)).

Defendants also argue that the conduct alleged—harassment in the form of Ortiz's pre-employment promises—does not rise to the level of actionable harassment because it

Case 2:24-cv-05307-CAS-JC   Document 41   Filed 09/30/24   Page 9 of 16   Page ID #:676

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:24-cv-05307-CAS-JCx | Date | September 30, 2024 |
|---|---|---|---|
| Title | Donald Guilford v. APM Terminals Pacific LLC et al | | |

was not "so severe and pervasive that it altered the terms and conditions of employment and created an abusive working environment." Id.  Defendants contend that even if the promises met the legal definition of harassment under FEHA, the claim would still fail "because (1) the alleged conduct did not occur during his employment and, therefore, logically could not have created an intolerable working environment; and (2) even if it did, it was not severe or pervasive to give rise to a hostile work environment claim." Id. (citing Edwards v. Dep't of State Hospitals-Coalinga, 2015 WL 4730156, at *4 (E.D. Cal. 2015)).  Defendants argue that Ortiz's alleged conduct was "isolated and distinct from any other alleged conduct in the Complaint," happened before plaintiff began employment, was not inherently offensive or unwelcome, and that the Ninth Circuit has rejected claims based on more extreme conduct. Id. at 11 (citing Vasquez v. Cnty. of Los Angeles, 349 F.3d 634, 643 (9th Cir. 2003); Manatt v. Bank of Am., 339 F.3d 792, 798 (9th Cir. 2003)).

    Defendants next argue that plaintiff's purported joinder of Yarnall is not automatic and that the Court must consider whether to allow plaintiff to amend his complaint and add Yarnall pursuant to 28 U.S.C. § 1447(e). Id. at 12.  When a plaintiff seeks to join a defendant after removal, defendants argue, courts in the Ninth Circuit apply a six-factor test to "determine if amendment is proper because 'a diversity-destroying amendment could be motivated by the plaintiff's desire to gain procedural advantage by returning to state court.'" Id. (citing Oettinger v. Home Depot, No. CV 09-01560 CW, 2009 WL 2136764, at *2 (N.D. Cal. July 5, 2019) (internal citations omitted).  Defendants argue that the six relevant factors are "(1) whether the new defendants should be joined under Fed. R. Civ. P. [("Rule")] 19(a) as 'needed for just adjudication'; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." Id. at 13. In this case, defendants argue, these factors counsel prohibiting joinder of Yarnall as a defendant.

    Defendants argue that joinder of Yarnall is not necessary under Rule 19 because "[p]laintiff cannot demonstrate a high degree of involvement by him (if any) in the events giving rise to the claims pled in this action, nor is his joinder necessary to afford [p]laintiff complete relief on his claims." Id.  This is shown, defendants argue, by the fact that the fraud claim is against all named defendants and that plaintiff seeks the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:24-cv-05307-CAS-JCx | Date | September 30, 2024 |
|---|---|---|---|
| Title | Donald Guilford v. APM Terminals Pacific LLC et al | | |

relief against all defendants that he seeks against Yarnall. Id. at 14. Defendants also argue that the underlying facts and theories are insufficient to sustain the fraud claim against Yarnall, showing that he was joined to destroy diversity. Id. at 14.

Defendants argue that the second factor weighs against joinder because the statute of limitations is not an impediment to plaintiff pursuing a separate action against Yarnall. Id. Defendants also contend that plaintiff's delay in seeking joinder is inexplicable other than "by [p]laintiff's blatant forum shopping and post-removal gamesmanship," because the events allegedly occurred in 2018 but the FAC joining Yarnall was filed on August 13, 2024, thirteen days before the filing of the instant motion. Id. at 14-15. Defendants argue that joinder is solely intended to defeat federal jurisdiction, as demonstrated by the unexplained delay. Id. at 15. The claim asserted against Yarnall, defendants argue, is not a viable fraud claim, and therefore weighs against permitting joinder. The final factor, defendants argue, also weighs against joinder, as denial would not prejudice plaintiff because plaintiff can obtain complete relief even without his joinder. Id. at 16.

Defendants next argue that even if the Court permits joinder of Yarnall, remand should be denied because there is no possibility that plaintiff can hold Smith or Yarnall liable for the false promises and intentional misrepresentation claims. Id. at 17. Defendants contend first that the fraud claims are time barred because plaintiff alleges that he was harassed on the basis of his race in 2019, learned at that time that this kind of harassment is standard at APM Terminals, and thus in 2019 he "had information . . . that would put a reasonable person on inquiry notice of a potential fraud claim" with regard to the pre-employment assurances made to him. Id. at 18. Thus, defendants argue, the claim falls outside of the three-year statute of limitations and is time barred. Id. at 17-18. Secondly, defendants argue that the basis of plaintiff's fraud claim is not actionable because it is based on promises of opportunities for professional development and educational programs, which are only actionable if the "'promisor did not intend to perform at the time he or she made the promise and that it was intended to deceive or induce the promise to do or not do a particular thing.'" Id. at 18 (quoting Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal.App.4th 153, 159 (1991)). Defendants argue that plaintiff does not establish this intent in his FAC, nor did plaintiff complete the milestones that were required for him to receive the opportunities promised. Id. at 19. Defendants' final argument as to viability of the claim is that plaintiff's alleged damages cannot support a viable fraud claim because "[i]n the context of an employment dispute, a plaintiff must also plead resulting damages that are separate and independent from those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:24-cv-05307-CAS-JCx | Date | September 30, 2024 |
|---|---|---|---|
| Title | Donald Guilford v. APM Terminals Pacific LLC et al | | |

that flow from his termination." Id. (citing Agosta v. Astor, 120 Cal.App.4th 596, 608 (2004)). Defendants argue that plaintiff's claims flow from his termination, his claimed emotional distress damages are preempted by the Workers' Compensation Act, and that his claimed "lost opportunities and resources are too uncertain and speculative to be recoverable as damages, and the FAC contains no facts to support their recovery." Id. at 20 (citations omitted).

In reply, plaintiff argues that defendants do not carry their heavy burden of proving that plaintiff has no possibility of prevailing on the relevant claims. Dkt. 29 ("Reply") at 1. Plaintiff argues that defendants misapply the relevant fraudulent joinder standard "by attempting to argue the merits of [p]laintiff's claims rather than showing that [p]laintiff is precluded from asserting these claims under California law." Id. Plaintiff contends that defendants mischaracterize the Ninth Circuit's Grancare holding, citing it "to suggest that even a weak claim cannot defeat fraudulent joinder," while "fail[ing] to acknowledge that the Ninth Circuit in Grancare held that 'a defendant is not fraudulently joined simply because the plaintiff's claims are dismissed for failure to state a claim.'" Id. at 2 (citing Grancare, 889 F.3d 543, 549). Rather, plaintiff argues that defendant must show that there is no possibility plaintiff could state a claim against the in-state defendant to establish fraudulent joinder. Id.

Plaintiff next argues that the fraud and harassment claims are both substantively valid and supported by their well-pleaded allegations. Id. at 2. As to the harassment claim, plaintiff argues that he set forth "specific and actionable instances of harassment by Ortiz and Yarnall, including discriminatory conduct, intentional sabotage, and the creation of a hostile work environment," which suffice to state a claim under California law. Id. at 2-3. Plaintiff contends that "[h]arassment under FEHA is actionable when it is sufficiently severe or pervasive to alter the conditions of employment," and that the conduct alleged "easily satisfies this threshold." Id. at 3 (citing Roby v. McKesson Corp., 47 Cal. 4th 686, 707 (2009)). Plaintiff argues that defendants also misstate the applicability of Jones, because it "explicitly held that individual employees are liable for harassment under FEHA, while individual liability does not extend to discrimination claims." Id. at 3 (citing Jones, 42 Cal. 4th at 1162 (2008)).

Plaintiff argues that his fraud claim is both timely and proper because pursuant to California law, the statute of limitations begins to run at the time the fraud is discovered by the plaintiff, not when the representations are made. Id. at 3-4. Plaintiff details the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:24-cv-05307-CAS-JCx | Date | September 30, 2024 |
|---|---|---|---|
| Title | Donald Guilford v. APM Terminals Pacific LLC et al | | |

specific allegations of fraud set forth in the FAC, alleging that Ortiz made false representations assuring plaintiff "that 'APM [Terminals] is an affirmative action employer, provides full opportunity for advancement regardless of race and/or disability, and does not discriminate,'" and that Ortiz intentional deceived him so that he would accept the position at APM Terminals. Id. at 4. Plaintiff restates the elements required for a fraud claim under California law and argues that there was misrepresentation in the form of Ortiz's statements about APM Terminals' commitment to non-discrimination, that Ortiz knew such statements were false "because APM [Terminals] engaged in a pattern of discriminatory practices, especially against Black employees," that Ortiz made these statements to induce reliance in the form of acceptance, that plaintiff did justifiably rely on such statements, and that plaintiff suffered damage as a result. Id. at 4-5. Because plaintiff only discovered the fraudulent nature of Ortiz's statements after he began working for APM Terminals, he argues, the claim is not time barred under the California discovery rule. Id. at 5.

Plaintiff argues that defendants misapply the case law on which they rely. Id. Plaintiff restates his arguments about misapplication of Grancare and Jones, and argues that defendants "incorrectly cite Robinson Helicopter to argue that [p]laintiff's fraud claim fails as a matter of law," when it actually "establishes that misrepresentations of material fact, particularly in the employment context, are actionable if they induce reliance and result in harm." Id. (citing Grancare, 889 F.3d at 549; Jones, 42 Cal. 4th at 1172; Robinson Helicopter, 34 Cal. 4th at 990).

The Court concludes that the defendants have the obligation to show that there is no possibility that plaintiff could prevail against the individual defendants who they argue are sham defendants, and that they have not met this high burden here. Grancare, 889 F.3d at 551. The Ninth Circuit has made clear that whether removal is proper is based on pleadings prior to removal only. Williams, 471 F.3d at 976 (citing Sparta Surgical, 159 F.3d at 1213). Thus, the Court looks to the original complaint filed in Los Angeles Superior Court, and the claims alleged therein to determine whether removal was proper and whether remand is warranted.

In the original complaint, plaintiff alleged one count against Ortiz, a California citizen. Dkt. 1 ("Compl.") ¶¶ 38-45. Plaintiff's second cause of action therein alleged a FEHA violation for harassment based on race, age, disability or perceived disability. Id. In order to state a claim for harassment under FEHA, "a plaintiff must show '(1) he was a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'       JS-6

| Case No. | 2:24-cv-05307-CAS-JCx | Date | September 30, 2024 |
|---|---|---|---|
| Title | Donald Guilford v. APM Terminals Pacific LLC et al | | |

member of a protected class; (2) he was subjected to unwelcome ... harassment; (3) the harassment was based on [the plaintiff's membership in an enumerated class]; (4) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendant is liable for the harassment.'" Martin, 97 Cal. App. 5th at 170 (2023), review denied (Feb. 14, 2024) (quoting Thompson v. City of Monrovia, 186 Cal. App. 4th 860, 876 (2010)). California courts have found that "[t]he law prohibiting harassment is violated [w]hen the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Nazir v. United Airlines, Inc., 178 Cal. App. 4th 243, 263-64 (2009) (quoting Kelly-Zurian v. Wohl Shoe Co., Inc., 22 Cal. App. 4th 397, 409 (1994) (quoting Harris v. Forklift Systems, Inc., 5100 U.S. 17, 21 (1993))) (internal quotations omitted). The creation of such an abusive work environment is usually considered a question of fact. Nazir, 178 Cal. App. 4th at 264.

Plaintiff incorporates his factual statement in this count and claims "he was subjected to harassing conduct because of [his] race, age and disability/perceived disability that was severe or pervasive." Id. ¶ 39. Plaintiff further claims that "[a] reasonable person with the same race, age and disability/perceived disability as [p]laintiff in [p]laintiff's circumstances would have considered the work environment to be hostile, intimidating, offensive, oppressive or abusive," and that he "considered the work environment to be hostile, offensive, oppressive and/or abusive." Id. ¶¶ 40-41.

Although it is not clear how Ortiz was involved in plaintiff's day-to-day employment, it is at least possible that he can state harassment claims against her. See generally, id. Plaintiff only specifically refers to Ortiz's pre-employment promises regarding opportunities for advancement and professional development. Id. ¶ 10. However, he references workplace treatment generally that could rise to the level of actionable harassment, including "asking [p]laintiff offensive questions and making comments with hand gestures about [p]laintiff supposedly being a homosexual," fellow employees "replay[ing] the video of [p]laintiff's horrific near-death accident and to jeer[ing] and laugh[ing] as they watch[ed] him suffer incredible injury," and "APM [Terminals] refus[ing] to provide [p]laintiff with a laptop that was required to do his job, adding to the hostile workplace as APM [Terminals] employees then made the [p]laintiff the butt of many jokes because he was the only TIS manager without a laptop." Id. ¶¶ 18-20. Plaintiff also alleges in his original complaint that he was forced to disclose his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'   JS-6

| Case No. | 2:24-cv-05307-CAS-JCx | Date | September 30, 2024 |
|---|---|---|---|
| Title | Donald Guilford v. APM Terminals Pacific LLC et al | | |

medical conditions when seeking an accommodation, in violation of APM Terminals' policy and that "APM [Terminals] also treated [p]laintiff in a harsh and callous manner, such as interrogating him about whether he even knew the meaning of an accommodation, causing [p]laintiff to feel belittled and humiliated." Id. ¶ 25. Plaintiff alleges that after his medical leave he was harassed and retaliated against, and that "APM [Terminals] management immediately turned extremely hostile in their interactions with [p]laintiff and treated him in the most rude, condescending and dismissive manner possible—they would barely, or not at all greet or acknowledge him, they would withhold key information from him, they would falsely blame things on him, they sabotaged his work and work performance and set him up." Id. ¶ 28.

The Ninth Circuit has held that though "'[n]ot every insult or harassing comment will constitute a hostile work environment,' 'repeated derogatory or humiliating statements … can constitute a hostile work environment.'" McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1114 (9th Cir. 2004) (quoting Ray v. Henderson, 217 F.3d 1234, 1245 (9th Cir. 2000)); see also Ambat v. City and Cnty. of San Francisco, 757 F.3d 1017, 1023 n.2 (9th Cir. 2014) (noting that "FEHA is interpreted consistently with Title VII"). The Court finds that it is possible plaintiff can establish that such an environment was created based on the facts alleged.

While the complaint does not make clear when each of these actions occurred, nor does it attribute them to particular individuals, this does not render it impossible for plaintiff to state a claim against Ortiz.[2] Ortiz could have been responsible for the actions

---

[2] At oral argument, counsel for defendant argued that the only claimed incident of harassment arose when Ortiz asked plaintiff about his medical condition and that questions about medical condition are protected conduct. However, a review of relevant case law suggests that this is dependent on the circumstances. Counsel for defendant argued that Janken v. GM Hughes Electronics, 46 Cal. App. 4th 55 (1996), establishes that asking an employee to disclose a medical condition is a management decision not actionable as harassment. Janken draws a distinction between harassment as conduct extraneous to job requirements and management decisions which are essential to a supervisor's work. Janken, 46 Cal. App. 4th at 63. Further, the California Supreme Court has held that some conduct in furtherance of a supervisor's role can "also have a secondary effect of communicating a hostile message" when "the actions establish a widespread pattern of bias." Roby v. McKesson Corp., 47 Cal. 4th 686, 709 (2009), as

Case 2:24-cv-05307-CAS-JC   Document 41   Filed 09/30/24   Page 15 of 16   Page ID #:682

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'     JS-6

| Case No. | 2:24-cv-05307-CAS-JCx | Date | September 30, 2024 |
|---|---|---|---|
| Title | Donald Guilford v. APM Terminals Pacific LLC et al | | |

detailed, as they are incorporated into plaintiff's only count alleged against her. If the relevant actions were perpetrated by Ortiz, and plaintiff alleges that he suffered harassment until his alleged wrongful termination sometime in "Spring 2023" and filed his original complaint on May 1, 2024, his claims would not necessarily be time barred. These are questions of fact that are not properly resolved at the motion to remand stage, which considers only the jurisdictional question.

Defendants' arguments pertain to sufficiency of the harassment claim, rather than to its "possible viability," and thus the Court cannot conclude that Ortiz is a sham defendant whose presence in the case destroys diversity. Grancare, 889 F.3d at 553. The Court finds that plaintiff has a colorable harassment claim and accordingly remands the matter to the Los Angeles Superior court for further proceedings.

As a result of this finding, the Court does not reach the question of whether joinder of Yarnall would be appropriate. The Court also does not decide on this motion whether a fraud claim would be properly brought against Ortiz, as plaintiff alleges in his FAC.[3]

---

modified (Feb. 10, 2010) (citing Miller v. Dep't of Corr., 36 Cal. 4th 446, 466 (2005)). For example, claims that an employer asked directly whether plaintiff had attention deficit disorder and often inquired about plaintiff's reason for asking to go to the doctor were found to be properly considered in determining whether plaintiff had made out an allegation of harassment. Landucci v. State Farm Ins. Co., 65 F. Supp. 3d 694, 707 (N.D. Cal. 2014). There, the court said, plaintiff had pled sufficient facts, including but not limited to these inquiries, to support animus toward her medical conditions, and this had the requisite "'secondary effect of communicating a hostile message.'" Id. at 708 (quoting Roby, 47 Cal. App. 4th at 101). Similarly, in the present case, plaintiff alleges that he was improperly forced to disclose his medical conditions and that as a result he was treated "in a harsh and callous manner" and asked if he knew the meaning of accommodation, which caused him to "feel belittled and humiliated." Compl. ¶ 25. Accordingly, the Court finds that the inquiries about plaintiff's medical condition are not per se protected managerial conduct under Janken and could serve as the basis of a viable harassment claim depending on their severity and pervasiveness.

[3] At oral argument, plaintiff's counsel argued that Ortiz was inadvertently omitted from the fraud claim pled in the original complaint. The Court does not reach this issue

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:24-cv-05307-CAS-JCx | Date | September 30, 2024 |
| Title | Donald Guilford v. APM Terminals Pacific LLC et al | | |

### B. Attorney's Fees

Plaintiff argues that he should be awarded attorney's fees because the defendant lacked a reasonable basis for removal. Mot. at 9.

The Court finds that it would not be appropriate to award attorney's fees in this case. When there is an objectively reasonable basis for removal, a request for attorney's fees should be denied. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). In Grancare, the Ninth Circuit explained that "[r]emoval is not objectively unreasonable 'solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.'" Grancare, 889 F.3d at 552 (citing Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th Cir. 2008)). Plaintiff argues that defendants removed on the basis of the Rule 12(b)(6) standard, which had been applicable to fraudulent joinder under Baron v. Arizona, 270 F. App'x 706, 708 (9th Cir. 2008), but that Grancare replaced this standard with the "wholly insubstantial and frivolous claims" standard, making removal on this basis unreasonable. The Court notes that at no point did defendants cite to an outdated standard, and though defendant makes arguments that pertain to the merits of plaintiff's claims, the Court finds that defendant could have been properly doing so to argue that plaintiff fails to state a colorable claim, in accordance with the Grancare standard. Therefore, the Court concludes that plaintiff has failed to show that it was objectively unreasonable for defendant to remove.

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion to remand the case to Los Angeles Superior Court.

The Court **DENIES** plaintiff's request for attorney's fees.

In light of the Court's decision to remand, the Court does not reach the two motions to dismiss and/or strike plaintiff's FAC. Dkts. 23, 24.

IT IS SO ORDERED.

| | | 00 | : | 20 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |

---

because the Court finds that remand is proper on the basis of the harassment claim pled against Ortiz.